UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THAI QUANG TRAN (A-022-091-677),

Petitioner,

v.

MOISES BECERRA, et al.,

Respondents.

Case No.  1:26-cv-00009 DAD-CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Thai Quang Tran (A-022-091-677), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues his detention violates his due process rights under the Fifth Amendment and violates statutory authority.  (Id.)  Petitioner also brings a claim for deliberate indifference to serious medical needs.  (Id.)  For the following reasons, this Court recommends that the petition be granted.

I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."

1

Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.      DISCUSSION

On January 2, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On January 3, 2026, the district judge directed respondents to file an opposition to the motion for a temporary restraining order addressing whether any provision of law or fact in this case would distinguish it from the district court's decision in N.D.N. v. Bondi, 2025 WL 3251102 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by the district court, or otherwise indicate that the matter is not substantively distinguishable.  (ECF No. 4.)  On January 6, 2026, respondents filed an opposition to the motion for a temporary restraining order, stating that the motion should be converted to a motion for a preliminary injunction and waiving oral argument.  (ECF No. 5.)  Respondents argued that petitioner is subject to a final removal order and subject to mandatory detention under 8 U.S.C. § 1226(c) due to his prior aggravated felony convictions under 8 U.S.C. § 1227(a)(2)(A)(iii).  (Id. at 2.)  Respondents further argued that this case is distinguishable from N.D.N. v. Bondi, 2025 WL 3251102, because the petitioner lawfully entered the United States as a refugee and was subsequently granted lawful permanent resident status before he was ordered removed by an immigration judge on November 4, 1996.  (Id.)

On January 9, 2026, the district judge converted the motion for a temporary restraining order to a motion for a preliminary injunction, and granted the motion.  (ECF No. 7.)  The district court noted that it was unconvinced that this case was distinguishable from N.D.N. v. Bondi, 2025 WL 3251102 in any meaningful way and that it was unpersuaded by respondents' argument that petitioner is subject to mandatory detention under 1226(c) because of his prior aggravated felony convictions under § 1227(a)(2)(A)(iii).  (ECF No. 7.)  The district court concluded that

8 U.S.C. § 1231 governs petitioner's detention because petitioner is subject to a final order of removal issued by an immigration judge.  (ECF No. 7 (citing Avilez v. Garland, 69 F.4th 525, 530 (9th Cir. 2023) (noting that Section 1231(a) applies to detention after the entry of a final order of removal)).)  In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from re-detaining petitioner, absent exigent circumstances, without providing petitioner notice and a pre-deprivation hearing before an immigration judge where respondents will bear the burden of proving a change in circumstances to justify petitioner's re-detention.  (Id. (citing N.D.N. v. Bondi, 2025 WL 3251102, at *3-6; Yang v. Kaiser, 2025 WL 2791778, at *4-6 (E.D. Cal. Aug. 20, 2025)).)  In addition, the district court held that petitioner was not be required to post bond pursuant to Federal Rule of Civil Procedure 65(c).  (Id.)  The district court referred this action to the assigned Magistrate Judge for further proceedings.  (Id.)

On February 23, 2026, in response to this Court's order, the parties submitted a joint status report informing the Court that no additional briefing is anticipated on the petition.  (ECF No. 11.)  No additional briefing was provided by the parties.  (See Docket.)  Briefing is closed.  (See id.)

Where the record before the district court has not changed since the district court's ruling on the motion for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that the revocation of petitioner's release and petitioner's re-detention was unlawful on statutory and Fifth Amendment due process grounds because there is no significant likelihood of removal in the reasonably foreseeable future.  See 8 C.F.R. § 241.13(i); N.D.N., 2025 WL 3251102, at *4; Yang, 2025 WL 2791778, at *4-6.  Because the resolution of the due process and statutory claims provides the relief requested, the Court need not reach the deliberate indifference to serious medical needs claim.  This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i).

///

### III.    CONCLUSION

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Thai Quang Tran (A-022-091-677) absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i).  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case.

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, tran0009.26

4